# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAURIE A. CHERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 5:09-CV-419-M |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423; and her application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

### PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI alleging a disability since September 25, 2005 (TR. 9). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 9). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on August 20, 2008 (TR. 19-35). The Plaintiff appeared in person and without an attorney and offered her testimony in support of the applications (TR. 22-29, 32-33). A vocational expert (VE) also testified at the request of the ALJ (TR. 30-32). The ALJ issued his decision on October 6, 2008 finding that Plaintiff was not entitled to DIB or SSI (TR. 9-18). The

Appeals Council denied the Plaintiff's request for review on February 18, 2009, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 1-3).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 11). At step two, the ALJ concluded that Plaintiff had the following severe impairments: Cervical strain; post concussion syndrome; status post forearm fracture; and depression (TR. 11). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 11). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) as a cashier (TR. 17). The ALJ

also made an alternative finding at step five that Plaintiff could perform the jobs of ticket seller, remnant sorter and collator (TR. 18). Thus, at steps four and five of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 18).

On appeal to this Court, Plaintiff alleges that the ALJ erred by failing to properly discuss the evidence from the State agency psychologist; and that the ALJ erred in finding that Plaintiff had an RFC to perform significant gainful activity.

## MEDICAL EVIDENCE

In September 2006, Plaintiff was evaluated by Eric C. Amberg, Ph.D. (psychologist) who found that Plaintiff was "reading at the high school level but performing at the sixth grade level for both arithmetic processing and spelling, placing her further within the mildly impaired range" (TR. 175). Dr. Amberg also found that Plaintiff "showed no signs of malingering, feigning or symptom magnification; that she suffered from "a significant diminution of intellectual processes related to her injury"; and that his testing indicated "significant impairment of overall function" (TR. 173, 174, 175). Dr. Amberg's diagnostic impression was of post-concussion syndrome and chronic pain syndrome (TR. 177).

In January 2007, Plaintiff underwent a consultative psychological examination performed by George F. Ronan, Ph.D., who found that Plaintiff had "Major Depressive Disorder, single episode, mild" as well as "Cognitive disorder, NOS" with a GAF score of 58 [1] (TR. 319).

---

[1] A GAF represents Axis V of the Multiaxial Assessment system. A GAF score is a subjective determination which represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), (4th ed. 1994), p. 30. The GAF score is taken from the GAF scale which "is to be rated with respect only to psychological, social, and occupational functioning." *Id.* The GAF Scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id.* at 32. The GAF scale defines the range from 51-60 as follows: Moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers).

Also in January 2007, an agency physician, Wayne Hill, Ph.D., completed a mental RFC assessment of Plaintiff in which he concluded that she was "moderately" limited in the following areas:

> The ability to understand and remember detailed instructions. The ability to carry out detailed instructions. The ability to maintain attention and concentration for extended periods. The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. The ability to interact appropriately with the general public.

(TR. 320-321). Dr. Hill further found that Plaintiff would have difficulty with tasks requiring attention to detail or extended periods of concentration; and that Plaintiff would not do well in jobs requiring significant interaction with the general public (TR. 322). Dr. Hill also concluded that Plaintiff retained the capacity to perform simple one and two step tasks on a sustained basis in a competitive workplace setting (TR. 322).

## I.

Plaintiff contends that the ALJ failed to properly explain the weight he gave to the State agency psychologist, Dr. Hill's, opinion that Plaintiff was moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and his opinion that Plaintiff was moderately limited in her ability to interact appropriately with the general public. (See Plaintiff's Brief at pages 4-6). The ALJ adopted two of the moderate limitations listed by Dr. Hill and included them in Plaintiff's RFC, but inexplicably ignored these two others (TR. 17, 13).

The ALJ is not required to discuss every piece of evidence, but "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). In this case as in *Haga v. Astrue,* 482 F.3d 1205 (10th Cir. 2007), the Commissioner never addresses *Clifton* or Plaintiff's argument that the ALJ failed to explain his reasons for rejecting some of a State agency physician's restrictions, while implicitly adopting others. Rather, the government supplies some reasons that it believes would support the ALJ's RFC finding. The ALJ did not provide these explanations, however. (See Haga at 1207-1208). This court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself. *See, e.g., Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir. 2004) (holding that district court's "post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process"); *see also Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (per curiam) (same); *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943).

The ALJ should have explained why he rejected two of the moderate restrictions on Dr. Hill's RFC assessment while appearing to adopt the others. An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability. *See, e.g., Robinson*, 366 F.3d at 1083; *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004). Although the ALJ is entitled to resolve any conflicts in the record, *see Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991), the ALJ did not state that any evidence conflicted with Dr. Hill's mental RFC assessment. So it is simply unexplained why the ALJ adopted some of Dr. Hill's restrictions but not others.

5

Social Security Ruling 96-6p states that findings regarding the nature and severity of an impairment made by state agency consultants and other program physicians and psychologists "must be treated as expert opinion evidence of nonexamining sources." Further, ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions." Id. Although the ALJ adopted, in part, the state agency consultants' findings in his decision, it appears that the ALJ ignred other findings without explanation. Thus, the consultative examiners' assessments of Plaintiff's mental capabilities were contrary to the ultimate conclusions reached by the ALJ and the ALJ's failure to discuss and weigh this record expert medical evidence violated the requirements of Social Security Ruling 96-6p and undermined the ALJ's ultimate conclusions regarding Plaintiff's alleged mental impairments. (*See Tiger v. Apfel*, 141 F.3d 1186 ((10th Cir. 1998)) 1998 U.S. App. LEXIS 7093).

On remand the ALJ should explain why he failed to include two of Dr. Hill's mental RFC findings in his RFC determination.

## II.

Plaintiff also argues that the ALJ erred in finding that Plaintiff had an RFC to perform significant gainful activity. More specifically, Plaintiff urges that the ALJ failed to adequately discuss and analyze the opinions of Dr. Amberg (See Plaintiff's Brief at pages 6-9).

A treating physician's opinion is entitled to great weight. *Williams v, Bowen*, 844 F.2d 748, 757-58 (10th Cir. 1988) (more weight will be given to evidence from a treating physician than to evidence from a consulting physician appointed by the Secretary or a physician who merely reviews medical records without examining the claimant); *Turner v. Heckler*, 754 F.2d 326, 329 (10th Cir. 1985). However, a treating physician's opinion may be rejected "if it is brief, conclusory, and unsupported by medical evidence." *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing

so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

The ALJ's decision provides a summary of the opinions of Dr. Amberg who examined Plaintiff on two occasions (TR. 15). What the ALJ fails to do is discuss and evaluate these opinions. The ALJ appears to have considered only those opinions of Dr. Amberg that supported the ALJ's own findings and failed to discuss or evalutate Dr. Amberg's findings that Plaintiff "showed no signs of malingering, feigning or symptom magnification; that she suffered from "a significant diminution of intellectual processes related to her injury"; and that his testing indicated "significant impairment of overall function" (TR. 173, 174, 175).

On remand, the Commissioner should re-evaluate and discuss these opinions of Dr. Amberg and if his opinions are rejected, then the ALJ must set forth in the decision specific, legitimate reasons for doing so.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is **not** supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28

U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 17th day of May, 2010.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE